**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SUKHJINDER SINGH, *et al.*,**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,**<br><br>***Defendants.*** | **Civil No. 1:25-cv-02993-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Dismiss at ECF No. 9 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. Background

Plaintiffs Sukhjinder Singh and Narinderjeet Kaur initiated the instant action against Defendants U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") on September 11, 2025. (ECF No. 1.) The action concerns Mr. Singh's Form I-589 Application for Asylum and Withholding of Removal (the "I-589 Application"), with Ms. Kaur "listed as a derivative applicant." *Id.* at p. 6. At the time this action was initiated, USCIS had not scheduled any asylum interview or adjudicated the I-589 Application. *Id.* Plaintiffs raise claims of unreasonable delay pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 555, and the Mandamus Act, 28 U.S.C. § 1361. *Id.* at p. 4. Plaintiffs ask the court to order USCIS to schedule their asylum interviews and adjudicate the Form I-589 Application. *Id.* at p. 7.

Relevant here, on July 17, 2026, Plaintiffs' I-589 Application was referred to an immigration judge for adjudication in removal proceedings.[1] (ECF No. 9-2 at p. 2.) Plaintiffs were served with Notices to Appear (the "NTAs") in removal proceedings before the U.S. Department of Justice Executive Office for Immigration Review ("EOIR") pursuant to section 240 of the Immigration and Nationality Act. *Id.* at pp. 2, 5–10. The EOIR website confirms initiation of these proceedings.[2]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) concerns dismissals for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the

[1] As discussed at greater length below, the court may consider matters outside the pleadings in adjudicating Defendants' factual challenge to this court's jurisdiction.

[2] Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Oct. 28, 2026). *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

## III. Analysis[3]

"Federal courts have no power to hear moot cases." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 564 (4th Cir. 2024) (quoting *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006)). "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). "A case or controversy dissipates when it becomes moot; that is 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 288–89 (4th Cir. 2024) (quoting *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013)). The requirement that a party possess a cognizable interest in the outcome of the action to bring suit "extend[s] past the filing of the complaint,"—"an actual controversy" is required "at all stages of review." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 325 (4th Cir. 2022) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)). Relevant here, "a case or controversy ceases to exist 'when it is impossible for a court to grant any effectual relief . . . to the prevailing party.'" *Lopez-Sorto v. Garland*, 103 F.4th 242, 248 (4th Cir. 2024) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

---

[3] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

At issue here, while USCIS (an agency of DHS) has "initial jurisdiction over . . . [a]n asylum application filed by [a noncitizen] physically present in the United States or seeking admission at a port-of-entry," *see* 8 C.F.R. § 208.2(a)(1)(i), the Immigration Court (EOIR) has "exclusive jurisdiction over asylum applications filed by [a noncitizen] who has been served," relevant here, a Form I–862 NTA, "after the charging document has been filed with the Immigration Court," *see id.* § 208.2(b). Inasmuch as the NTAs have issued and been filed with the Immigraton Court, the Immigration Court has exclusive jurisdiction over Plaintiffs' I-589 Application. "Thus, any writ of mandamus or other court order issued to compel DHS or USCIS to act on the Form I-589 would be improper because Defendants lack jurisdiction to act on [Plaintiffs'] asylum application." *Dzheligov v. U.S. Dep't of Homeland Sec.*, No. TDC-23-0985, 2024 WL 51280, at *3 (D. Md. Jan. 4, 2024); *see also Tu v. Mayorkas*, No. 23-CV-3137 (PKC), 2024 WL 2111551, at *3 (E.D.N.Y. May 10, 2024) (noting that "[i]mmigration judges, not district court judges, 'have exclusive jurisdiction over asylum applications filed by an alien who has been served a . . . Form I-862, Notice to Appear'") (citing 8 C.F.R. § 208.2(b)). This court therefore cannot grant the relief Plaintiffs seek.[4] *See Kharchenko v. U.S. Department of Homeland Security*, No. 3:26-CV-00769-MEO-DCK, 2026 WL 3093744, at *2 (W.D.N.C. Oct. 16, 2026) (dismissing complaint for lack of jurisdiction due to mootness where the asylum applications for which plaintiffs sought adjudication were referred to EOIR following issuance of NTA); *Tchetgnia v. Sec'y, Dep't of Homeland Sec.*, No. 1:25-CV-89, 2025 WL 2772889, at *2 (S.D. Ohio Sept. 26, 2025) (same).

[4] The court also observes that in failing to respond to the instant Motion, Plaintiffs concede the point. *See Straubmuller v. Jetblue Airways Corp.*, No. CV DKC 23-384, 2023 WL 5671615, at *5 n.5 (D. Md. Sept. 1, 2023); *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

## IV. Conclusion and Order

Accordingly, for the reasons set forth herein, it is this 28th day of October 2026,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Plaintiffs and **CLOSE** this case.

/S/
______________________________
Julie R. Rubin
United States District Judge